IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE WOMACK KELLY          :
                              :
     v.                       :   Civil Action No. DKC 10-381
                                  Criminal Case No. DKC 06-0067
                              :
UNITED STATES OF AMERICA      :
                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion by Petitioner Maurice Womack Kelly to vacate, set aside, or correct his sentence. (ECF No. 30). The issues are fully briefed and the court now rules. For the reasons that follow, the motion will be denied.

**I.  Background**

On September 24, 2001, the Postal Inspection Service executed a search warrant on a home in Capitol Heights, Maryland. Petitioner, Maurice Womack Kelly, was asleep in a bed, and there were two guns within Petitioner's reach. At the time of the search warrant, he had previously been convicted of at least three felony offenses. Petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 5, 2009, he pled guilty pursuant to a written plea agreement. Because of his prior felony convictions, Petitioner was facing a mandatory minimum sentence

of fifteen years incarceration under 18 U.S.C. § 924(e).[1] The Government recommended a two-level reduction in the application of the federal sentencing guidelines, because Petitioner provided information for and cooperated with a number of ongoing criminal investigations. Taking this reduction into account, the Government argued that the appropriate sentence range for Petitioner would be between 135 and 168 months, and that Petitioner should be sentenced to 144 months. Petitioner's attorney, Clarence Powell, argued that the starting point for the sentence, in terms of the sentencing guidelines range, should begin at a lower combination of offense level and criminal history. Thus, Mr. Powell argued that the proper range for Defendant's sentence would be 121 to 151 months. Mr. Powell

---

[1] This statute provides:

> In the case of a person who violates section 922 (g) of this title and has three previous convictions by any court referred to in section 922 (g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922 (g).

18 U.S.C. § 924(e)(1).

also argued that the sentence could be further reduced on a number of other bases. Petitioner was sentenced on April 27, 2009, to 121 months imprisonment, which was to be followed by three years of supervised release, and ordered to pay a special assessment of $100.

## II. Analysis

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A *pro se* movant is of course entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

Petitioner contends that he received ineffective assistance of counsel. Such claims are governed by the two-step standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The Fourth Circuit explained this test in *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010):

> The defendant bears the burden of proof as to both prongs of the standard. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. Courts should be deferential in this inquiry, and have a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The defendant must therefore overcome the presumption that the representation might be considered sound trial strategy.
>
> Second, the defendant must demonstrate that counsel's inadequate performance prejudiced him. Thus, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability, in turn, is defined as a probability sufficient to undermine confidence in the outcome.

(citations and quotation marks omitted). In the context of a Section 2255 petition challenging a conviction following a guilty plea, a defendant generally establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007).

The motion recites a single ground to support adjusting Petitioner's sentence, ineffective assistance of counsel. In support, Petitioner conclusorily recites that his attorney

4

failed to present legal and factual argument during sentencing that could have been favorable to the defendant. Without any specifics, the claim must be rejected.

As pointed out by the Government in its response to the petition, Petitioner was subject to an enhanced sentence due to his prior convictions. He knew that, absent a motion by the government, he was subject to a 15 year mandatory minimum sentence. At sentencing, Petitioner's attorney persuaded the Government to make a motion that reduced the guideline range to 121 to 151 months, and he received the lowest sentence possible under the circumstances.

As to the first *Strickland* prong, at minimum, Mr. Powell's assistance resulted in a further twenty-three month reduction in Petitioner's sentence, and he made numerous arguments to have the sentence reduced further. Petitioner does not offer any detail regarding what additional arguments counsel could have made on his behalf. Accordingly, Plaintiff does not establish that Mr. Powell's performance was objectively defective. Moreover, as to the second *Strickland* prong, Petitioner merely offers that these vague additional arguments "could have been favorable to defendant." (ECF No. 30, at 5). This falls well short of establishing prejudice. Petitioner's argument of ineffective assistance of counsel fails on both prongs of the

5

*Strickland* test. Mr. Powell's representation of Petitioner was reasonable and did not prejudice Petitioner in any way. Accordingly, Mr. Kelley's petition must be denied.

### III. Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

6

Upon its review of the record, the court finds that Mr. Kelley does not satisfy the above standard.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge